Félix Benítez Rexach, Plaintiff and Appellee, v. Sergio Muñoz et al., Defendants and Appellants.

No. 5889. Argued January 18, 1933.—Decided July 28, 1933.

*González Fagundo & González, Jr.,* and *R. Cuevas Zequeira* for appellants. *R. Buscaglia* for appellee.

Mr. Justice Wolf delivered the opinion of the Court.

On the 6th of April, 1928, Eusebio Benítez, Sergio Muñoz, and Domingo Quintana made a promissory note *in solido* in favor of the Bank of Yabucoa for $3,000. The bank brought suit against the three named debtors. On the 6th of December, 1928, a judgment by default was entered against Domingo Quintana and Sergio Muñoz. After a trial the same judgment was rendered against Eusebio Benítez. Previous to judgment, the plaintiff obtained an order to secure the effectiveness thereof. In the fulfillment of this order the marshal proceeded to levy on property belonging to the defendant Eusebio Benítez. A motion was made to dissolve this attachment by substituting a bond therefor. The bond was executed by Santiago Iglesias Silva and Félix Benítez Rexach, the plaintiff and appellee in this case. As the defendants did not pay, after some preliminary proceedings which we shall not discuss, judgment was rendered against the said sureties for the amount of the claim. This judgment became nominally unappealable (*firme*).

The complaint in this case filed by Félix Benítez Rexach against Sergio Muñoz and Domingo Quintana, recites that the judgment obtained in case No. 13503 against the debtors Sergio Muñoz and Domingo Quintana was assigned or transferred to Félix Benítez Rexach. The defendants set up that what Félix Benítez Rexach in effect did was to pay the judgment rendered against him as surety and, that, therefore, as the judgment in the aforementioned case was paid, the said Félix Benítez Rexach had no claim against the principal debt-

ors in the said suit. The District Court of Humacao, although perhaps the question was not clearly raised, decided that the judgment against the sureties was null and void because the Bank of Yabucoa had failed to do certain supposedly necessary things. We are inclined to think that the court was mistaken in this holding, but we agree with the appellee that the holding does not determine the case. The court apparently was holding that the action of Félix Benítez Rexach could never be a payment of the judgment, as no valid judgment existed against him. The judgment, however, appealed from should be affirmed, because the appellee Félix Benítez Rexach proved at the trial that in case No. 13503 the Bank of Yabucoa made a distinct transfer of its claim. We agree with the appellee that this was as sufficient transfer of the judgment as it could be made.

The appellants maintain that there were three judgments in the case, as we take it, one against Sergio Muñoz and Domingo Quintana, another against Eusebio Benítez, and still another against Félix Benítez Rexach. What the Bank of Yabucoa, however, did was to sell whatever judgment it had obtained in the said former suit, inclusive of the judgment against Sergio Muñoz and Domingo Quintana. We agree with the appellee that there was no evidence in the case to prove that Félix Benítez Rexach in his negotiations with the bank paid the judgment, but the said evidence tended to show that there was an actual transfer. The court so held. It makes no difference, therefore, that the court was mistaken in saying that the judgment against Félix Benítez Rexach and Santiago Iglesias Silva was null and void.

Likewise we think it was not a prejudicial error, if it was error at all, for the court to permit Rafael Buscaglia to testify at the trial.

The judgment appealed from will be affirmed.